UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Dwayne Manning, #16012-056, ) | |
| ) | C/A No. 6:06-cv-0911-GRA-WMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| NFN Wells, Officer at FCI-Bennettsville; ) | |
| NFN Bowling, Captain at FCI- ) | |
| Bennettsville; NFN Avery, Manager at ) | |
| FCI-Bennettsville; NFN Ausborn, ) | |
| Associate Warden of FCI-Bennettsville; ) | |
| NFN Pettiford, Warden of FCI- ) | |
| Bennettsville, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation filed on March 12, 2007 and made in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Rule 73.02(B)(2)(e), D.S.C.  Plaintiff's Complaint alleges that Defendants violated his constitutional rights while he was incarcerated at FCI-Bennettsville.  Plaintiff alleges that Defendants improperly screened his mother when she arrived for visitation at the prison, unfairly denied his son visitation based on his attire, and unlawfully transferred him to another facility in retaliation for his complaints.  The magistrate correctly construed Plaintiff's claims pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Defendants filed a motion to dismiss on September 26, 2006.  Plaintiff responded to

1

the motion on November 20, 2006. The magistrate properly treated Defendants' Motion to Dismiss as a motion for summary judgment and now recommends granting the motion for summary judgment.

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United State District Judge, the objections must be timely filed and must specifically identify the portion of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984);

*Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Plaintiff did not file objections to the Report and Recommendation.

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

April 17, 2007

Anderson, South Carolina

3

## **NOTICE OF RIGHT TO APPEAL**

Plaintiff has the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.